U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

DEC - 8 2008

CLERK, U.S. DISTRICT COURT
By _____
      Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

DEBORAH RAE HANDLEY, §
§
Applicant, §
§
§
VS. § NO. 4:08-CV-646-A
§
W. ELAINE CHAPMAN, WARDEN, §
FMC CARSWELL, ET AL., §
§
Respondent. §

MEMORANDUM OPINION
and
ORDER

Before the court for decision is the application of Deborah Rae Handley ("Handley") filed October 27, 2008, seeking writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] After having considered the application and the applicable legal authorities, the court concludes that the application should be dismissed as to Federal Bureau of Prisons because it is not properly named as a respondent in this § 2241 proceeding and dismissed in its entirety because applicant has failed to show she has standing and that her claims are ripe.

I.

Grounds of Application and Nature of Requested Relief

As well as the court can make out, Handley, who is serving a 96-month term of imprisonment imposed on September 14, 2007, for

---

[1] Applicant refers to her application as "petition" and to herself as "petitioner." Consistent with the language of 28 U.S.C. § 2241, the court uses the terms "applicant" or "Handley" and "application" instead of "petitioner" and "petition."

her commission of the offense of possession of a firearm by a convicted felon (18 U.S.C. § 922(g)(1)), claims that there is the prospect that she will be wrongfully denied by the Bureau of Prisons the opportunity (a) to participate in a program of residential substance abuse treatment of the kind contemplated by 18 U.S.C. § 3621(e)(1), and (b) for a sentence reduction for having successfully completed such a treatment program, as contemplated by 18 U.S.C. § 3621(e)(2)(B).[2] She claims that:[3]

(1) The Bureau of Prisons program statements that Handley says likely will cause her not to receive the benefits of §§ 3621(e)(1) and (2)(B) are invalid because they were promulgated in violation of 5 U.S.C. §§ 553 and 706(2)(A).

(2) She should receive the same relief that was granted by the Ninth Circuit to the § 2241 applicants who were parties to the Ninth Circuit case reported as Arrington v. Daniels, 516 F.3d 1106 (9th Cir. 2008).

(3) The Bureau of Prisons program statements (or regulations) permitting the Bureau of Prisons's total discretion to categorically deny her the benefits of 18 U.S.C. §§ 3621(e)(1) and 3621(e)(2)(B) are unenforceable because they directly

---

[2] Her claims are identical to those claims made in Case No. 4:08-CV-599-A, Laura Walker Bernard, Applicant, v. W. Elaine Chapman, Warden, et al., Respondents, and Case No. 4:08-CV-587, Annabel Torres, Applicant, v. W. Elaine Chapman, Warden, et al., Respondents, both resolved by final judgments signed November 20, 2008. Applicant uses the same fill-in-the-blank application used by the applicants in the aforementioned actions.

[3] The court interprets the II.B section, at pages 4 and 5, of the application as a statement of Handley's grounds for relief. The court's rewording and compression of those grounds is intended to provide clarity, but not to change the substance.

conflict with the statutory language and intent of Congress.

(4) Her equal protection rights under the Due Process Clause of the Fifth Amendment have been violated because of disparate treatment of similarly situated inmates at similar Bureau institutions, particularly those located within the Ninth Circuit.

## II.

## Analysis

A. <u>Dismissal of Bureau of Prisons</u>

Handley has named both W. Elaine Chapman, Warden, FMC Carswell, and Bureau of Prisons as respondents in this action. The warden having custody over an inmate is the proper respondent in an action brought pursuant to 28 U.S.C. § 2241. See <u>Rumsfeld v. Padilla</u>, 542 U.S. 426, 435 (2004). Thus, Federal Bureau of Prisons should be dismissed from this action.

B. <u>The Standing/Ripeness Issue</u>

The doctrine of "standing" serves to identify those disputes that are appropriately resolved through the judicial process. <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 560 (1992). Over the years, the Supreme Court has established "that the irreducible constitutional minimum of standing contains three elements," <u>id.</u>:

> First, the plaintiff must have suffered an injury in fact--an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of--the injury has to be fairly . . . traceable to the challenged action of the

> defendant . . . . Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

Id. at 560-61 (citations, quotation marks & brackets omitted).

Handley, who is invoking federal jurisdiction, bears the burden of establishing all three elements. Id. at 561. The elements are not mere pleading requirements, but rather are indispensable parts of Handley's case. Id. Thus, "each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof." Id. However, "[a]t the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss [the Supreme Court] presum[es] that general allegations embrace those specific facts that are necessary to support the claim." Id. (internal quotation marks omitted). In the final analysis, questions relevant to the standing inquiry "must be answered by reference to the Art. III notion that federal courts may exercise power only in the last resort, and as a necessity . . . ." Allen v. Wright, 468 U.S. 737, 752 (1984) (citations and internal quotation marks omitted).

Questions of ripeness, "whether the harm asserted has matured sufficiently to warrant judicial intervention," are closely related to standing questions. Miss. State Democratic Party v. Barbour, 529 F.3d 538, 544-45 (5th Cir. 2008). "A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." Texas v. United States, 523 U.S. 296, 300 (1998)

4

(internal quotation marks omitted). Handley bears the burden of establishing ripeness as well as standing. Barbour, 529 F.3d at 545.

Handley characterizes her application as a challenge to respondents' "denial of early release pursuant to, and the benefits of, 18 USC §§ 3621(e)(1) and (2)(B) . . . ." Application at 3. Any ruling the court might make on those subjects at this time would be conjectural and hypothetical. The court can only guess now whether Handley would be eligible to participate in FMC-Carswell's Residential Drug Abuse Program ("RDAP") when the point in time is reached for the Bureau of Prisons to make a decision as to eligibility. Even more speculative is the matter of whether Handley would become entitled to the benefit of a sentence reduction of the kind contemplated by § 3621(e)(2)(B).

The court cannot now make a determination whether Handley would be eligible to participate in the RDAP, much less can the court make a determination that she will be entitled to a sentence reduction based on the successful completion of the program. Whatever rulings the court might make as to applicant's entitlement to participate in the program or to an early release based on participation would be purely hypothetical, resting upon "contingent future events that may not occur as anticipated, or indeed may not occur at all." Texas, 523 U.S. at 300 (internal quotation marks omitted).

## III.

### Order

For the reasons given above,

The court ORDERS that all claims asserted by Handley against Federal Bureau of Prisons be, and are hereby, dismissed for the reason that Federal Bureau of Prisons is not a proper respondent in this proceeding brought pursuit to 28 U.S.C. § 2241; and

The court further ORDERS that the application Handley filed October 27, 2008, for writ of habeas corpus pursuant to § 2241 be, and is hereby, dismissed for lack of standing and lack of ripeness.

SIGNED December 8, 2008.

JOHN McBRIDE
United States District Judge